J-S18015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CALVIN J. CRAWFORD, | |
| Appellant | No. 1039 MDA 2015 |

Appeal from the PCRA Order May 14, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):
CP-22-CR-0003323-2000
CP-22-CR-0003771-2000

BEFORE:  BOWES, LAZARUS AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                **FILED FEBRUARY 16, 2016**

Calvin J. Crawford appeals from the May 14, 2015 order denying his second PCRA petition.  We affirm.

On June 6, 2001, a jury convicted Appellant of four counts of unlawful delivery of a controlled substance and one count of possession with intent to deliver a controlled substance. Pennsylvania State Trooper Timothy Longenecker, while engaged in an undercover operation with the Dauphin County Drug Task Force and the Swatara Township Police Department, purchased cocaine from Appellant on four occasions.  Appellant was arrested while engaged in a fifth sale of the drug to the officer.  The aggregate weight of the drugs in question was 28.9 grams of cocaine.  On October 18, 2001,

_____
* Retired Senior Judge assigned to the Superior Court.

Appellant was sentenced to fourteen to sixty years imprisonment followed by twenty years probation. His sentence was based, in part, upon application of the mandatory minimum sentencing provision of 18 Pa.C.S. § 7508 due to the weight of the drugs involved in each sale. On August 12, 2002, we affirmed, *Commonwealth v. Crawford*, 809 A.2d 954 (Pa.Super. 2002) (unpublished memorandum), and Appellant did not seek further review.

On December 11, 2002, Appellant filed a *pro se* PCRA petition, and counsel was appointed. Counsel moved to withdraw pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*) and *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). Counsel was permitted to withdraw, and PCRA relief was denied. On appeal, we affirmed. *Commonwealth v. Crawford*, 883 A.2d 686 (Pa.Super. 2004) (unpublished memorandum).

On December 31, 2014, Appellant filed his second PCRA petition claiming his sentence was invalid pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013).[1] After issuing notice of its intent to do so, the PCRA

_____

[1] In *Alleyne*, the United States Supreme Court held that any fact, other than a prior conviction, that triggers application of a mandatory minimum sentence must be proven beyond a reasonable doubt before the factfinder. Section 7508 was held unconstitutional based upon *Alleyne*. *Commonwealth v. Mosley*, 114 A.3d 1072 (Pa.Super. 2015); *see also* *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa.Super. 2014) (striking down mandatory minimums imposed by 42 Pa.C.S. § 9718 on sexual offenses based on age of victim), *appeal granted*, 121 A.3d 433 (Pa. 2015);
*(Footnote Continued Next Page)*

court dismissed Appellant's petition based on its unitimeliness. This *pro se* appeal followed. Appellant raises these issues on appeal:

> 1. Did the Trial Court error [sic] in imposing the Mandatory Minimum because it incorrectly found that 18 PA C.S.A. §7508 which permitted the Trial Court to find the Elements by a Preponderance of the evidence was severable from the rest of the statute deeming it unconstitutional. There was no meaningful difference between submitting the elements to the Jury and accepting a stipulation from the defendant since they both have a purpose of finding a method to impose a Mandatory Minimum sentence outside the Statutory framework, but consistent with **Alleyne**.
>
> 2. Did the Trial Court err in not sentencing Petitioner to the Aggregate Amount of Drugs involved in his case instead of the 5 sentences he was sentenced to consecutively and should the Compulsory Joinder Rule be used to sentence the Petitioner.
>
> 3. Did the Trial Court err in giving the Defendant an Excessive Sentence and fine for the amount of drugs involved in his case.

Appellant's brief at 6.

Initially, we note that our "standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." **Commonwealth v. Smith**, 121 A.3d 1049, 1052 (Pa.Super. 2015). Before

_(Footnote Continued)_ _____

**Commonwealth v. Valentine**, 101 A.3d 801 (Pa.Super. 2014) (holding mandatory minimum imposed when defendant visibly possesses a firearm, 42 Pa.C.S. § 9712, invalid under **Alleyne**); **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (ruling mandatory minimum sentences for certain drug offenses committed with a firearm imposed by 42 Pa.C.S. § 9712.1 unconstitutional).

we proceed to the merits of Appellant's contentions, we must determine whether Appellant's March 2, 2015 PCRA petition was timely filed as that issue implicates our jurisdiction. *Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." *Id*. at 992 (quoting *Commonwealth v. Seskey,* 86 A.3d 237, 241 (Pa.Super. 2014)); *see also Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006).

Any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). Accordingly, we must ascertain when Appellant's judgment of sentence became final. "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). In this case, since Appellant did not file a petition for allowance of appeal, Appellant's sentence became final on September 11, 2002, thirty days after our August 12, 2002 affirmance on direct appeal. Appellant had until September 11, 2003, to file a timely PCRA petition, and the present December 31, 2014 petition is untimely by over eleven years.

There are three exceptions to the one-year time bar of § 9545:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Herein Appellant claims that his PCRA petition is timely based on "Newly Discovered Evidence based on the Constitutionality of his Mandatory Sentences." Appellant's brief at 8. He then attempts to gain review of his remaining two sentencing claims by bootstrapping them onto the supposed timeliness of his **Alleyne** position. However, "Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa.Super. 2013) (citing **Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011) ("section 9545(b)(1)(ii) applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence, and judicial

determinations are not facts"); ***Commonwealth v. Brandon***, 51 A.3d 231, 235 (Pa.Super. 2012) (same)). Thus, ***Alleyne*** and the new Pennsylvania case law examining the constitutionality of various mandatory minimum sentencing provisions in this Commonwealth do not constitute newly-discovered facts so as to fall within the parameters of § 9545(b)(1)(i).

We further observe that we have held specifically that, since ***Alleyne*** has not been held to be retroactive by either our Supreme Court or the United States Supreme Court, it does not fall within the newly-recognized constitutional right exception to § 9545(b)(1). ***Miller***, ***supra***.

Having determined that the present PCRA petition was untimely, we affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/16/2016